**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARY LOUISE SCHWARTZ, Plaintiff, v. GEORGE JAHN, Defendant. | Case No. 18-cv-05784-BLF **ORDER DISMISSING CASE WITH PREJUDICE** |

On October 22, 2018, the Court dismissed Plaintiff Mary Louise Schwartz's complaint with leave to amend on or before November 5, 2018. *See* ECF 11. To date, no amended complaint has been filed. On November 14, 2018, the Court ordered Plaintiff to show cause in writing on or before November 27, 2018, why the Court should not dismiss the complaint with prejudice for failure to timely amend. *See* ECF 12. As Plaintiff has failed to respond to the Court's order to show cause, the Court hereby DISMISSES this action with prejudice under Fed. R. Civ. P. 41(b).

**I.    LEGAL STANDARD**

Federal Rule of Civil Procedure 41(b) allows for the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). The text of Rule 41(b) refers to a defense motion for dismissal; however, the Rule also permits a court to sua sponte dismiss an action for failure to prosecute or failure to comply with a court order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). A plaintiff's failure to take any action in response to a Court's prior dismissal with leave to amend under Rule 12(b)(6) is considered a failure to comply with a court order. *Yourish v. Calif. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999).

A dismissal pursuant to Rule 41(b) "'must be supported by a showing of unreasonable delay.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). In addition, before imposing dismissal as a sanction, "the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish*, 191 F.3d at 990.

## II. DISCUSSION

Plaintiff's unjustified failure to timely file an amended complaint qualifies as an unreasonable delay. *See Castellanos v. Countrywide Bank NA*, 2015 WL 5243327, at *2 (N.D. Cal. Sept. 8, 2015). The Court has also considered the five *Yourish* factors for determining whether to dismiss a case as a sanction, and finds each of these factors except the policy in favor of resolution of cases on the merits weighs in favor of dismissal. Moreover, the Court's Order to Show Cause (ECF 12) put Plaintiff on notice as to dismissal with prejudice if cause was not shown. Accordingly, dismissal with prejudice is warranted.

## III. CONCLUSION

For the foregoing reasons, this action is hereby DISMISSED with prejudice. Accordingly, the case management conference set for January 24, 2019, is VACATED. The Clerk shall close the case file.

**IT IS SO ORDERED.**

Dated: November 28, 2018

_____
BETH LABSON FREEMAN
United States District Judge